Affirmed and Memorandum Opinion filed May 1, 2003









Affirmed and Memorandum Opinion filed May 1, 2003.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.  14-02-00431-CR

____________

 

ANDREW JAMES FAUGHN,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On
Appeal from the 183rd District Court

Harris County, Texas

Trial
Court Cause No.  823,225

 



 

M
E M O R A N D U M   O P I N I O N

Appellant
Andrew James Faughn challenges his conviction for the
offense of possession of a controlled substance.  The jury assessed punishment at five years=
confinement and a $1,000 fine.  In one
issue, appellant contends the evidence is legally and factually insufficient to
support his conviction.  We affirm.








Factual Background

At
the time of the underlying offense, appellant was a sixty-two year old musician
and self-admitted recreational user of marijuana and cocaine.  He and his friend of several years, Chris
Irwin, would buy and sell marijuana from each other for personal use; according
to Irwin, they also worked together selling narcotics.  Irwin was arrested in 1999 for possession of
controlled substances, and testified that in order to obtain probation, he signed
a contract agreeing to help the Houston Police Department as an informant to
obtain a Abust@ for 2.5 kilograms of cocaine. 
In an effort to fulfill that contract, Irwin contacted appellant and
expressed an interest in  purchasing a
large amount of cocaine.  According to
Irwin, appellant readily agreed to arrange the transaction.  On the day of the intended transaction, Irwin
went to appellant=s house to get a sample of the cocaine, purportedly for
approval by his cousin who would then pay Irwin for the entire sale.  After leaving appellant=s
house with the sample, Irwin signaled the awaiting police who then executed a
search warrant and removed a black bag containing 1.5 kilograms of cocaine from
a barbeque grill in appellant=s front yard.  A smaller
amount of cocaine was found in the kitchen and on appellant=s
person.  Numerous firearms were found in
the house.  Appellant was arrested and
charged with possession with intent to deliver 400 grams or more of cocaine.  In a written statement, appellant confessed
that he allowed an acquaintance, Miguel, to use his scale to measure out
cocaine and temporarily store the black bag of cocaine in return for an ounce
of cocaine.  Appellant stated he put the
black bag of cocaine in the barbeque grill after Miguel left because having
that amount of cocaine in the house made him nervous.








At
trial, appellant testified to a different version of the events.  According to appellant, he initially refused
to help Irwin, but after continuous phone calls from Irwin in which he stated
that he needed help because his lawn-care business was in financial distress,
his girlfriend was ill, and he was losing his house, appellant agreed to
introduce Irwin to Miguel, his cocaine source. 
He stated that on the day of the arrest, Miguel brought a large amount
of cocaine to appellant=s house.  Appellant
purchased an ounce of it, but told Miguel he could not keep the remainder at
the house.  Appellant testified Miguel
physically and verbally threatened him not to interfere with his business, and
left after stashing the cocaine inside the barbeque grill.  Appellant maintained that the sample he later
gave Irwin was from the ounce he purchased from Miguel.  Appellant further testified had Irwin not
pressured him, he never would have committed this offense. 

The
trial court denied appellant=s pretrial motions to suppress and to set aside the indictment
for entrapment.  The jury charge included
an instruction on the defense of entrapment. 
Appellant was found guilty of the lesser included offense of  possession of a controlled substance, namely
cocaine, weighing less than 200 grams. 
In his sole issue, appellant challenges the legal and factual
sufficiency of the evidence to support the conviction due to the defense of
entrapment.

Analysis

Penal
Code section 8.06 provides:

(a)
It is a defense to prosecution[1]
that the actor engaged in the conduct charged because he was induced to do so
by a law enforcement agent using persuasion or other means likely to cause
persons to commit the offense.  Conduct
merely affording a person an opportunity to commit an offense does not
constitute entrapment.  

Tex. Pen. Code
Ann. ' 8.06.

 








To
establish entrapment, a defendant must establish that (1) he was actually
induced to commit the offense; and (2) the inducement Awas
such as to cause an ordinary law-abiding person of average resistence
nevertheless to commit the offense.@  England v. State,
887 S.W.2d 902, 913B14 (Tex. Crim. App. 1994).  The first prong is a subjective test,
requiring the defendant to show that because of the law enforcement
agent=s
persuasion he was induced to act; the second prong is an objective test,
requiring proof that the persuasion was likely to cause an otherwise unwilling
person C
rather than the ready, willing and anxious person C
to commit an offense.  Flores v. State,
84 S.W.3d 675, 682 (Tex App.CHouston [1st Dist.] 2002, pet. ref=d).  As to the latter, prohibited law enforcement
agent conduct usually includes, but is not limited to, such matters as extreme
pleas of desperate illness, or those primarily based on sympathy, pity, or
close personal friendship, or offers of inordinate sums of money.  Id. 
Once a defendant has presented such evidence, the State must disprove
the defense beyond a reasonable doubt.  Liggins v. State, 979 S.W.2d 56, 60 (Tex.
App.CWaco
1998, pet. ref=d).  

Defenses
such as entrapment are subject to a sufficiency review. Id. A legal
sufficiency review calls upon the reviewing court to view the relevant evidence
in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of
the offense beyond a reasonable doubt.  Johnson
v. State, 23 S.W.3d 1, 7 (Tex. Crim. App.
2000).   When a defendant challenges
factual sufficiency of a guilt finding, the appellate court asks whether a
neutral review of all the evidence demonstrates that the proof of guilt is so
weak as to undermine confidence in the jury=s determination, or the proof of guilt, although adequate if
taken alone, is greatly outweighed by contrary proof.  Goodman v. State, 66 S.W.3d 283, 285
(Tex. Crim. App. 2001). 








Until
recently, however, the law was unclear as to what standard of review applies
to  factual challenges of defenses and
affirmative defenses in light of Johnson and Goodman. The Texas
Court of Criminal Appeals has now provided certainty.  In Zuliani
v. State, 97 S.W.3d 589, 594 (Tex. Crim. App.
2003), the court noted the effective differences between an Aaffirmative
defense@
under section 2.04 of the Texas Penal Code and a Adefense@ under section 2.03.  In
reviewing a rejected affirmative defense as raised in a defendant=s
appeal, the reviewing court is to determine whether the finding against the
affirmative defense was so against the great weight and preponderance of the
evidence as to be clearly wrong.  Id.  However, with a defense (such as entrapment),
the burdens at trial alternate between the defense and the State and require a
different standard of review.  The court
concluded that when a defendant challenges the factual sufficiency of the
rejection of a defense, the appellate court must review all of the evidence in
a neutral light and ask whether the State=s evidence when taken alone is too weak to support the finding
and whether the proof of guilt, although adequate if taken alone, is against
the great weight and preponderance of the evidence.  Id. 

Here,
the jury was instructed as to the defense of entrapment and by finding
appellant guilty, impliedly rejected the defense.  See id.  As required under Zuliani,
we review all of the evidence in a neutral light and ask whether the State=s
evidence taken alone is too weak to support the finding and whether the proof
of guilt, although adequate if taken alone, is against the great weight and
preponderance of the evidence.  In
conducting our review,  we are mindful
that the jury is the exclusive judge of the credibility of witnesses and the
weight to be given their testimony.  Jones
v. State, 944 S.W.2d 642, 647 (Tex. Crim. App.
1996).  We remain cognizant of the jury=s
role and unique position, one that we as a reviewing court cannot occupy.  Johnson, 23 S.W.3d at 9.  Our authority to disagree with the jury=s
determination is appropriate only when the record clearly indicates such action
is necessary to avoid a manifest injustice. 
Otherwise, due deference must be accorded the jury=s
determinations, particularly those concerning the weight and credibility of the
evidence.  Id.








In
appellant=s case, it was undisputed that appellant was in possession of
cocaine; the dispute arises over whether such possession was due to
entrapment.  The jury heard testimony
from the police officers, and the conflicting testimony of Irwin and appellant
himself.  It also reviewed appellant=s
written statement, in which he set forth a version of the events inconsistent
with his trial testimony.  The jury reconciled
these conflicts and determined the weight and credibility to be given the
evidence as a whole, and found against appellant.  Following our review of the evidence in the
light most favorable to the verdict, we find that a rational trier of fact could have found the essential elements of
the offense, and against entrapment, beyond a reasonable doubt.  After reviewing  the evidence in a neutral light, we find that
the State=s evidence taken alone is not too weak to support the finding
or that the proof of guilt, although adequate if taken alone, is not so against
the great weight and preponderance of the evidence as to be clearly wrong.  The evidence is legally and factually sufficient,
and appellant=s issue on appeal is overruled.

Nevertheless,
appellant argues the jury obviously agreed with the entrapment defense because
it found him guilty of the lesser included offense of possession instead of
possession with intent to deliver, thereby effectively rejecting the State=s
attempt to hold him responsible for the larger quantity of cocaine.  As a result, argues appellant, the smaller
amount of cocaine found on appellant=s person constituted Afruit of the poisonous tree@ and should not have been admitted in evidence.  We reject this argument, because appellant
failed to object to introduction of the cocaine at trial and thus waived any
argument regarding its admissibility on appeal.  See Moody v. State, 827 S.W.2d 875, 889
(Tex. Crim. App. 1992).  We further reject this argument because the
entrapment defense was not limited to the charge of possession with intent to
deliver.  That the jury found appellant
guilty of the lesser included offense does not mean it found in favor of the
entrapment defense on the greater offense. 
Lastly, to the degree that appellant=s complaints encompass matters raised and rejected in his
pretrial motion to suppress, these matters are waived because no issue has been
raised on appeal regarding the trial court=s denial of the motion.

Conclusion

We find the evidence legally and factually
sufficient to support the judgment, and affirm the judgment.

 

 

 

/s/        Eva
M. Guzman

Justice

 

Judgment rendered and Memorandum Opinion
filed May 1, 2003.

Panel consists of Justices Anderson,
Seymore, and Guzman.

Do Not Publish C
Tex. R. App. P. 47.2(b).











[1]  This language
establishes entrapment as a Adefense@ under
section 2.03 of the Texas Penal Code, as opposed to an Aaffirmative defense@ under
section 2.04.  The State in its
brief  refers to entrapment as an
affirmative defense.